**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA,**

                  **Plaintiff,**

v.                                                                        16-CV-53A(Sr)

**ONE GRAY 2009 DODGE CARAVAN**
**VIN NUMBER 2D8HN44E99R535737,**

                  **Defendant.**

## REPORT, RECOMMENDATION, AND ORDER

      This civil forfeiture case was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. No. 9. Before me is the government's motion for an order striking the claim and answer of Eric James and entering default judgment against the defendant vehicle. Dkt. No. 25. For the following reasons, I recommend that the motion be granted.

## BACKGROUND

      On January 21, 2016, the government filed a verified complaint seeking the forfeiture of One Gray 2009 Dodge Caravan, VIN Number 2D8HN44E99R535737. Dkt. No. 1. The complaint alleges that the defendant vehicle was being used to facilitate the sale of unlawful substances and is therefore subject to forfeiture pursuant to 21 U.S.C. §§ 881(a)(4) and (6). Dkt. No. 1. On April 13, 2016, Eric James, through

1

his original attorney, filed a claim to the defendant vehicle.  Dkt. No. 7.  Mr. James filed an answer to the verified complaint on May 4, 2016.  Dkt. No. 10.

During a status conference on July 26, 2016, this Court ordered that all discovery in this case be held in abeyance until November 30, 2016, in anticipation of additional criminal charges being filed against Mr. James which would affect his claim to the defendant vehicle.  Dkt. Nos. 12-13.  The parties appeared for a status conference on December 6, 2016, during which a new attorney appeared on behalf of Mr. James.  Dkt. No. 14.  This Court thereafter entered a Case Management Order directing that all pretrial discovery be completed by June 30, 2017.  Dkt. No. 15.

According to the government, a settlement offer was sent to Mr. James' attorney on January 9, 2017 via email and again on January 20, 2017 via U.S. Mail.  Dkt. No. 25-1, ¶ 6.  The proposed settlement was an offer of compromise of both Mr. James' claim to the defendant vehicle in this case, as well as a claim made by Mr. James' sister, Vicki Peterson, to a 2009 Dodge Journey in a related case (Case No. 16-CV-334).  Dkt. No. 25-1, ¶ 6.  On January 30, 2017, counsel for Ms. Peterson called counsel for the government to advise that although Ms. Peterson was willing to accept the settlement offer, Mr. James "was refusing to agree to it."  Dkt. No. 25-1, ¶ 7.  Counsel for the government left telephone messages for both Mr. James' and Ms. Peterson's attorneys on February 6, 2017, asking for a final decision on the settlement offer, but neither attorney responded.  Dkt. No. 25-1, ¶¶ 7-8.

The government thereafter filed its first set of interrogatories, requests for production, and requests for admission on Mr. James' attorney. Dkt. No. 25-1, ¶ 8. Responses to these requests were due on March 17, 2017. Dkt. No. 25-1, ¶ 8. Once again, Mr. James' counsel failed to respond, prompting the government's counsel to contact the attorney via email, extending the time to answer discovery until March 28, 2017, and advising that if no answers were received by that time, the government would move to compel discovery and/or to strike Mr. James' claim and answer and enter a judgment of default against the defendant vehicle. Dkt. No. 25-1, ¶ 9. Mr. James' attorney failed to provide the requested discovery or otherwise respond to the government's request. Dkt. No. 25-1, ¶ 10.

The government filed a motion to compel discovery on April 7, 2017. Dkt. No. 16. At an appearance on July 11, 2017, this Court granted the motion and directed Mr. James to respond to the discovery requests by July 28, 2017. Dkt. No. 23; Minute Entry 7/11/2017. Mr. James once again failed to respond.

Neither the claimant nor his attorney have contacted the government or this Court to request a further extension of the July 28, 2017 discovery deadline. Accordingly, on August 8, 2017, the government filed the instant motion for an order striking the claim and answer of Mr. James and entering default judgment and an order of forfeiture against the defendant vehicle. Dkt. No. 25. For the following reasons, it is recommended that the government's motion be granted in its entirety.

**DISCUSSION AND ANALYSIS**

Rule 37 of the Federal Rules of Civil Procedure provides that where a party fails to obey an order to provide discovery, the court may impose sanctions, including "striking pleadings in whole or in part" or "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi); *see also* Fed. R. Civ. P. 16(f)(1)(C) (stating that "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order"). "Rule 37 sanctions are available in civil forfeiture actions." *United States v. $9,781.41 formerly on deposit at Man Fin. Inc.*, No. 07 CIV.6224 (SHS), 2009 WL 1684695, at *3 (S.D.N.Y. June 16, 2009) (citing *U.S. v. U.S. Currency in Amount of Six Hundred Thousand Three Hundred and Forty One Dollars and No Cents ($600,341.00) in U.S. Currency*, 240 F.R.D. 59, 63 n.6 (E.D.N.Y. 2007).

Although entering an order that ends litigation is considered an extreme measure, compliance with discovery orders is "'necessary to the integrity of our judicial process.'" *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir.1991) (quoting *Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 73 (2d Cir. 1998)); *see also Davidson v. Dean*, 204 F.R.D. 251, 255-56 (S.D.N.Y. 2001) (holding that "discovery orders were meant to be followed"). In this regard, "'[a] party who flouts such orders does so at his peril.'" *Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849, 853 (2d Cir. 1995) (quoting *Update Art, Inc.*, 843 F.3d at 73). To determine whether Rule 37 sanctions are warranted, the court may consider: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party

had been warned of the consequences of . . . noncompliance." *Agiwal v. Mid Island Mortg. Corp.,* 555 F.3d 298, 302 (2d Cir. 2009) (quotation and citation omitted). In this case, each of these enumerated factors weighs in favor of striking Mr. James' answer and claim, and entering default judgment against the defendant vehicle.

First, Mr. James' non-compliance with this Court's discovery orders is willful. "Noncompliance with discovery orders is considered willful when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control." *Davis v. Artuz*, 96 Civ. 7699(GBD), 2001 WL 50887 at *3 (S.D.N.Y. Jan. 19, 2001) (internal citations omitted). Mr. James' counsel appeared in person before this Court and, as the lead attorney to be noticed, received notice through this Court's CM/ECF system of the Case Management Orders as well as the two motions to compel and/or strike filed by the government in this case. When counsel last appeared on July 11, 2017, she expressed no confusion or ambiguity about the undersigned Order granting the government's motion to compel or the directive that Mr. James was required to respond to the discovery requests no later than July 28, 2017.

Second, although striking Mr. James' answer and claim is a severe sanction, his persistent and willful non-compliance with this Court's prior discovery orders demonstrates that a lesser sanction would be ineffectual. Third, this case has been pending for over a year and claimant has made no effort to resolve his claim. Finally, the government's two motions seeking to strike Mr. James' claim and answer provided him with ample notice of the possible consequences of his non-compliance.

5

Mr. James, who is represented by counsel, has had every opportunity to avoid default judgment against the defendant vehicle and has nonetheless failed to avail himself of those opportunities.

## CONCLUSION

For the foregoing reasons, it is RECOMMENDED that the government's motion to strike the answer and claim of Mr. James (Dkt. No. 25) be GRANTED in its entirety, and default judgment be entered against the defendant vehicle.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation, and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b)(2) and Local Rule 72.  **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72 of the Local Rules for the Western District of New York, "written objections . . . shall specifically identify the

6

portions of the proposed findings and recommendations to which objection is made and the basis for such objection, and shall be supported by legal authority." **Failure to comply with the provisions of Local Rule 72 may result in the District Judge's refusal to consider the objection.**

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988). In accordance with the requirements set forth in Local Rule 72, "[a]ny party filing objections to a Magistrate Judge's order or recommended disposition must include with the objections to the District Judge a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge."

SO ORDERED.

DATED:   Buffalo, New York
         September 22, 2017

                                              *s/ H. Kenneth Schroeder, Jr.*
                                              **H. KENNETH SCHROEDER, JR.**
                                              **United States Magistrate Judge**